20-1436-cv
*Abdelal v. Kelly*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of May, two thousand twenty-one.

PRESENT: JOHN M. WALKER, JR.,
PIERRE N. LEVAL,
DENNY CHIN,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


MOHAMED ABDELAL,

        *Plaintiff-Appellant,*


      -v-                                      20-1436-cv


POLICE COMMISSIONER RAYMOND W. KELLY,
CITY OF NEW YORK,

        *Defendants-Appellees.*\*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*     The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:	DAVID A. LEBOWITZ (Alanna Kaufman, *on the briefs*), Kaufman Lieb Lebowitz & Frick LLP, New York, New York.

FOR DEFENDANTS-APPELLEES:	ANNA GOTTLIEB, Assistant Corporation Counsel (Richard Dearing, Claude S. Patton, Assistant Corporation Counsels, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and the case is **REMANDED**.

Plaintiff-appellant Mohamed Abdelal appeals from a judgment entered March 31, 2020, in favor of defendants-appellees former New York Police Department ("NYPD") Commissioner Raymond W. Kelly and the City of New York (together, "defendants"). By opinion and order entered March 30, 2020, the district court granted defendants' motion for summary judgment and dismissed Abdelal's claims alleging employment discrimination on the basis of his Egyptian national origin, Middle Eastern ancestry, and Muslim religion under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Human Rights Laws of New York State and New York City. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

2

"We review de novo a district court's grant of a motion for summary judgment." *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74 (2d Cir. 2016). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "[W]e construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Ketcham v. City of Mount Vernon*, 992 F.3d 144, 148 (2d Cir. 2021).

Abdelal's federal and state discrimination claims are governed at the summary judgment stage by the three-part "burden-shifting analysis first established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (applying framework to claims brought pursuant to 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and the New York State Human Rights Law). Here, the district court concluded that Abdelal failed at the first stage of the *McDonnell Douglas* test -- that is, he failed to set forth a *prima facie* case of discrimination -- and so it did not address the second or third stages.

To adequately set forth a *prima facie* case at summary judgment, "a plaintiff must proffer evidence that (1) he belongs to a protected group; (2) he was qualified for his position; (3) his employer took an adverse action against him; and (4) the adverse action occurred in circumstances giving rise to an inference of . . . discrimination." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). Because

3

the district court is not to resolve issues of fact on a summary judgment motion, "its determination of whether the circumstances give rise to an inference of discrimination must be a determination of whether the proffered admissible evidence shows circumstances that would be sufficient to permit a rational finder of fact to infer a discriminatory motive." *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 38 (2d Cir. 1994) (internal quotation marks and alteration omitted).

While defendants presented substantial evidence that they discharged Abdelal for legitimate, non-discriminatory reasons -- namely, his guilty plea to and conviction of numerous instances of misconduct -- we nonetheless conclude that defendants were not entitled, on this record, to summary judgment.

As noted by the district court, the parties dispute only the third and fourth prongs of Abdelal's *prima facie* case -- that is, the extent of the adverse employment action or actions Abdelal purportedly suffered and whether those actions occurred under circumstances that give rise to an inference of discrimination.

"A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006) (internal quotation marks omitted). Abdelal's employment was terminated, which itself is, of course, an adverse employment action. *See Kelleher v. Fred A. Cook, Inc.*, 939 F.3d 465, 468 (2d Cir. 2019). Further, there are factual issues regarding whether the NYPD's pre-termination conduct constituted an adverse

4

employment action. For example, an Internal Affairs Bureau ("IAB") investigator contacted the Joint Terrorism Task Force (the "JTTF") pursuant to the investigation of Abdelal, and Commissioner Kelly stated that IAB contacts the JTTF only when an officer is suspected of terrorism. Viewing the evidence in a light most favorable to Abdelal, a reasonable juror could infer that the IAB investigator contacted the JTTF not because of information linking Abdelal to terrorism but because of Abdelal's national origin, ancestry, or religion. A reasonable juror could also infer that, after the IAB investigator did so, it resulted in a more searching investigation and harsher discipline than had the NYPD applied its standard investigative and disciplinary procedures. *See Joseph*, 465 F.3d at 92 n.1 ("The relevant question is therefore whether the employer has simply applied reasonable disciplinary procedures to an employee or if the employer has exceeded those procedures and thereby changed the terms and conditions of employment.").

Abdelal also presented sufficient evidence to raise a triable issue of fact as to whether the investigation and termination occurred in circumstances giving rise to an inference of discrimination. For example, he proffered two statements defendants made in which they noted his national origin (Egyptian) and his ancestry (Middle Eastern) while investigating his alleged misconduct. Further, he set forth evidence that defendants launched an investigation into him and his family, involving the JTTF, which as noted above, arguably was a departure from the NYPD's normal investigative

5

and disciplinary procedures. He also set forth evidence that Commissioner Kelly's rejection of a more lenient recommended penalty for Abdelal's misconduct in favor of termination was arguably inconsistent with the way the Commissioner generally imposed disciplinary consequences. Accordingly, Abdelal provided admissible evidence sufficient to permit a rational finder of fact to infer a discriminatory motive, *see Chambers*, 43 F.3d at 38, and we thus vacate the district court's judgment in favor of defendants on Abdelal's disparate treatment claims pursuant to federal, state, and city law.[1]

We also vacate the district court's judgment in favor of defendants on Abdelal's hostile work environment claims. Before reaching the merits, we note that the district court properly considered Abdelal's hostile work environment claims separate and apart from his disparate treatment claims, and we reject Abdelal's argument to the contrary. Further, while we agree with the district court that Abdelal's hostile work environment claims fail to the extent they are premised on a video and report he has not suggested he saw or read, the district court ultimately dismissed Abdelal's hostile work environment claims because it concluded that the NYPD's investigation was not discriminatory or unreasonable. But, as noted above, we conclude that there are factual

---

[1] Abdelal's claims under the New York City Human Right Law must be analyzed "more liberally" than his federal discrimination claims. *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir.2009). Because Abdelal has set forth sufficient facts to carry the heavier burden of establishing his federal claims, we have no trouble concluding that he set forth sufficient facts to carry the lesser burden on his city claims.

disputes regarding these issues, and thus we vacate and remand to the district court so that these critical factual disputes can be determined by a jury.

*   *   *

Accordingly, we **VACATE** the judgment of the district court and remand for further proceedings consistent with this order.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk